## ALBERT ERVIN v. STATE.

No. A-6586.   Opinion Filed July 13, 1929.
(279 Pac. 710.)

Warren & Warren, for plaintiff in error.

Hal Welch, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Choctaw county on a charge of having possession of a still which was capable of being used for the production, manufacture, and fermentation of distilled spirits, to wit, whisky, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. The cause is now on appeal in this court.

On the 23rd day of December, 1926, the county attorney filed an information against Lawrence Logan and John Doe charging them with the possession of a still. A warrant was duly issued on such information for John Doe, and the sheriff made the following return of the warrant: "Received this writ on the 23rd day of December, 1926, and executed it by arresting Albert Ervin and now have his body before this court. W. L. Ellis, Sheriff, by C. F. Weddington, Deputy. Indorsements, No. 2601, Warrant, County Court, State of Oklahoma v. John Doe, defendant. Filed: Returned and filed this 25th day of December, 1926. J. H. Crain, Court Clerk, by E. A. Trice, Deputy."

At page 8 of the case-made the following proceedings were had:

"State of Oklahoma, Plaintiff, v. Lawrence Logan and Albert Ervin, Defendants. No. 2601. Arraignment.

"Now on this 3rd day of January, A. D., 1927, the same being a judicial day of the regular January, 1927, Term of this Court, the above entitled cause comes on for the arraignment of the defendants, and the State of Oklahoma appearing by Hal Welch, County Attorney, and the said defendants appearing by their attorney, J. H. Warren. Thereupon the said defendants having waived time in which to plead to said information, waive ar-

raignment and, by their attorney, J. H. Warren, enter their pleas of not guilty of the offense charged in said information, of the records of Choctaw County, State of Oklahoma in County Court. Court Journal No. 2."

At page 9 of the case-made the following further proceedings appear to have been had:

"Thereafter: And on, to wit: the 27th day of January, A. D., 1927, both the State of Oklahoma and the defendant, Lawrence Logan announce ready for trial and the defendant, Albert Ervin being absent, his attorney, J. H. Warren announces ready for trial as to Albert Ervin and agrees that the trial may proceed as to both defendants, whereupon a jury of six good and lawful men of the body of Choctaw county, Oklahoma is duly impaneled and sworn according to law, whereupon the following proceedings were had in this cause and the following testimony adduced in words and figures as follows, to wit:"

The only question raised by the defendant is that it was error for the court to admit any evidence against the defendant designated as "John Doe", because the officers knew at the time the information was made what the true name of the defendant was. W. L. Ellis, sheriff, testified as follows:

"Q. The man with this defendant, you didn't know his name at the time? A. No, sir.

"Q. And at the time the information was filed you didn't know his name? A. No, sir."

Where the true name of the defendant is unknown to the county attorney, he may legally proceed against such accused person under the name of "John Doe." The information may properly designate him as "John Doe," and the warrant may properly issue commanding the arrest of defendant under the name of John Doe. When the defendant is arraigned the court should ascertain his

true name, and thereafter the proceedings should be carried on in such true name. Section 2557, Comp. St. 1921.

In the case at bar the defendant was arraigned, waived time to plead, waived arraignment, and through his attorney, J. H. Warren, entered a plea of not guilty. On the 27th day of January, when the case was called for trial, the defendant under the name of Albert Ervin being absent, his attorney, J. H. Warren, announced ready for trial and consented that the trial might proceed in the absence of the defendant. The trial was had in the absence of the defendant and a verdict of guilty returned by the jury. The case-made reveals the fact that the defendant was prosecuted in his true name as soon as it was known by the officers, and for that reason the cause should be affirmed. ' Counsel for defendant cite no authorities and present no argument to sustain their contention.

The cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.