**Garvin A. ISAACS, Petitioner,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, the Honorable Niles Jackson, District Judge, Respondent.**

**No. P 91–0597.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1991.

## ORDER GRANTING APPLICATION FOR WRIT OF PROHIBITION

The Petitioner filed an application for this Court to assume original jurisdiction and issue a writ of prohibition and/or mandamus to prevent enforcement in Case No. CJ–91–27000 in the District Court of Oklahoma County of an investigative subpoena duces tecum issued and served by the Oklahoma County District Attorney's Office upon Petitioner.

Petitioner contends that Oklahoma County Assistant District Attorney Charles Rogers filed an application in the District Court seeking approval for the issuance of subpoenas duces tecum and/or ad testificandum pursuant to 22 O.S.1981, § 258 (Second), for the purpose of investigating whether criminal charges should be filed against Shelly Reynolds and others, or the Oklahoma City Women's Therapeutic Clinic, for the felony crime of Performing or Inducing Abortions Upon a Pregnant Woman Without a Physician's License. Petitioner's motion to quash the order authorizing the issuance of the subject subpoenas duces tecum was overruled by the District Court on or about June 27, 1991. However, the District Court stayed its order until July 3, 1991, to permit Petitioner to seek appellate relief. Petitioner's application was filed in the Oklahoma Supreme Court July 3, 1991, but was transferred to this Court July 5, 1991, as jurisdiction of the issue raised lies exclusively in this Court.

After considering the application and its supporting documents, this Court stayed the District Court of Oklahoma County's order authorizing the issuance of the inves-

tigative subpoena duces tecum July 8, 1991, pending disposition of Petitioner's application in this Court. On September 11, 1991, this Court consolidated this case for the purpose of oral argument with a similar case pending before this Court, Case No. P–90–1316, *Anglo American Equity Corporation, Anglo American Joint Venture, Kay–Creek Associates Limited Partnership and Adam C. Phillips v. The District Court of Tulsa County, The Honorable William Musseman Presiding, and David Moss, District Attorney of Tulsa County, Oklahoma.* Case No. P–90–1316 was dismissed by this Court September 26, 1991, for being moot. However, the attorney for Appellants in Case No. P–90–1316 and the District Attorney of Tulsa County were permitted to appear for oral argument in the capacity of amicus curiae.

Oral argument was held before this Court October 8, 1991. Garvin A. Isaacs (Wendell B. Sutton with him on the brief) argued on behalf of himself; Charles Rogers, Assistant District Attorney, appeared on behalf of the District Attorney of Oklahoma County; and, Keith Ward, an attorney with Tilly & Ward, and Thomas Gillert, First Assistant District Attorney, on behalf of the District Attorney of Tulsa County, appeared as amicus curiae. Robert H. Macy, District Attorney of Oklahoma County, and the Oklahoma Criminal Defense Lawyers Association filed amicus curiae briefs in Case No. P–90–1316.

The Court commends all attorneys participating in this matter. The briefs filed were scholarly and well researched, providing historical insight and the evolution of statutory provisions. The briefs and arguments of counsel vividly identify the need of the Legislature to review and update our Code of Criminal Procedure. Our court system has undergone immense changes in its structure and method of operation. Many of the procedural statutes have been carried over since Statehood which creates many conflicts in the present day application of antiquated provisions.

Two of the issues this Court specifically directed the parties to address were: (1) Whether the District Attorney has the authority to issue subpoenas under 22 O.S.1981, § 258, without a complaint first being filed; and, (2) Whether the issuance of a subpoena when no complaint has been filed runs contrary to the proof requirements of 22 O.S.1981, § 1221, et seq., and Art. 2, § 30, of the Constitution of the State of Oklahoma, and the Fourth Amendment to the U.S. Constitution.

Petitioner contends that the subpoena issued in the case before this Court is illegal and unenforceable under 22 O.S.1981, § 258 (Second), as no felony case had been commenced by either an indictment or an information. We agree.

The District Attorney cites 22 O.S.1981, § 258, as its authority for the issuance of an investigatory subpoena. We have reviewed Section 258, within Chapter 3 of Title 22, and we do not find authority within Section 258 for the issuance of any subpoena prior to a complaint being filed.

Chapter 3 of Title 22 is entitled "Jurisdiction and Commitment" which includes: "Jurisdiction and Venue; Limitations; Magistrates; Arrest and Taking Before Magistrate; Uniform Act on Fresh Pursuit; Misdemeanors; and, Examination and Commitment". (emphasis added) When we take a closer look at "Examination and Commitment", we find Section 251, entitled: "Magistrate must inform defendant of charge and rights"; Section 252, entitled: "Defendant allowed counsel-messages to counsel-change of venue"; Section 253, entitled: "Defendant to be examined"; Section 254, entitled: "Adjournment of examination"; Section 255, entitled: "Disposition of defendant on adjournment"; Section 256, entitled: "Commitment for examination"; Section 257, entitled: "Duty of magistrate on examination-subpoenas for witnesses"; and then, Section 258, entitled "Preliminary examinations and proceedings thereon". None of these sections have effect until after the defendant has been charged.

Section 257 states that: "At the examination the magistrate must, in the first place, read to the defendant the complaint on file before him. He must, also, *after the commencement of the prosecution,* issue subpoenas for any witnesses required by the

prosecutor or the defendant." (emphasis added)

Sections 258 states: "... Second: The county attorney may, on approval of the county judge or the district judge, issue subpoenas in felony cases and call witnesses before him and have them sworn and their testimony reduced to writing and signed by the witnesses at the cost of the county. Such examination must be confined to some felony committed against the statutes of the state and triable in that county, and the evidence so taken shall not be receivable in any civil proceeding." (emphasis added)

22 O.S.1981, § 10, defines "criminal action" as "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment ..." (emphasis added); and, *"case"* is defined by Black's Law Dictionary 195 (5th ed. 1979), as a "general term for an *action* ..." (emphasis added)

Therefore, the District Attorney's reliance on Section 258 (Second) is misplaced. An analysis of this section, considering a strict interpretation of this statute in conjunction with an analysis of Sections 251 through 276, provides for subpoenas of witnesses in felony cases already filed. This section does not apply where charges have not been filed in district court against a defendant.

This analysis is further supported by a review of 22 O.S.Supp.1988, § 1415(A), which specifically provides under the Oklahoma Corrupt Organizations Prevention Act, that the Attorney General or a district attorney *prior to the commencement of any criminal proceeding*, on approval of the district judge, may require the production of any business papers or records by subpoena duces tecum but *only* "[w]hen any person has engaged in, is engaged in, or is attempting or conspiring to engage in any conduct constituting a violation of any of the provisions of Section 3 of the Oklahoma Corrupt Organizations Prevention Act, ...". Section 1415(B) further provides confidentiality safeguards by directing that "[e]xcept as otherwise provided for in this section, no business papers or records or transcripts or oral testimony, or copies of it, subpoenaed by the Attorney General or district attorney shall be available for examination by an individual other than another law enforcement official without the consent of the person who produced the business papers or records or transcript."

We, therefore, determine that the Legislature recognized at the time of the passage of the Oklahoma Corrupt Organizations Prevention Act that the provisions of Section 258 do not apply prior to the commencement of proceedings, and thereby specifically authorized district attorneys to request subpoenas duces tecum within the parameters of this Act. The Legislature also provided procedural safeguards to ensure the request is proper, confidentiality, and the scope of the inquiry limited to issues relating to the investigation.

While we appreciate and compliment the procedures implemented by the District Attorneys' offices in Oklahoma and Tulsa Counties to ensure that due process protection is afforded those who receive service of investigatory subpoenas that do not come within Section 1415, as explained to the Court in oral argument, these procedures are not mandated nor found within the statutes. We commend the efforts of the District Attorney's offices to fill this void, but due process is not a matter which can be left to the individual discretion of members of a District Attorney's staff throughout the State of Oklahoma.

It should be noted, however, that while the Legislature has made provisions for procedural safeguards in the context of subpoenas under the Oklahoma Corrupt Organizations Prevention Act, our use of this reference should not imply a constitutional review of the validity of this legislation.

We find, therefore, that absent specific statutory authorization for a separate procedure prior to the filing of a complaint in a criminal case, the State's ability to search for and seize evidence of a crime is limited to the procedure set forth in 22 O.S.1981, § 1221, et seq., setting forth the requisites of a search warrant.

Accordingly, Petitioner's application for a writ of prohibition preventing enforcement of investigative subpoenas issued pursuant to 22 O.S.1981, § 258, in Case No. CJ–91–27000 in the District Court of Oklahoma County is hereby GRANTED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge