**Willard Leslie REUPERT, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–96–1337.**

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1997.

Timothy R. Beebe, Enid, Marvin P. Ludlum, Norman, for Defendant at trial.

E. Clyde Kirk, James A. Belote, Stipe Law Firm, Oklahoma City, for Appellant on appeal.

Richard Smotherman, Connie Pope, Asst. Dist. Attys., Guthrie, for the State at trial.

W.A. Drew Edmondson, Atty. Gen. of Oklahoma, James F. Kelly, Asst. Atty. Gen., Oklahoma City, for Appellee on appeal.

## SUMMARY OPINION

CHAPEL, Presiding Judge.

Willard Leslie Reupert was tried by jury and convicted of Count II, Rape in the First Degree in violation of 21 O.S.1991, § 1114(A)(1); Counts III and IV, Rape by Instrumentation in violation of 21 O.S.1991, § 1114(A)(5); and Count V, Forcible Oral Sodomy in violation of 21 O.S.1991, § 888(B)(1), in the District Court of Logan County, Case No. CF–94–123.[1] In accordance with the jury's recommendation the Honorable Donald L. Worthington sentenced Reupert to thirty years imprisonment (Count II); twenty-five years imprisonment (Count III); twenty-five years imprisonment (Count IV); and twenty years imprisonment (Count V). Reupert has perfected his appeal of these convictions.

Reupert raises the following eight propositions of error in support of his appeal:

I. The trial court allowed into evidence out of court statements made by a complaining witness who was over the age of twelve when she testified, under 12 O.S. § 2803.1. This testimony included expert testimony vouching for the credibility of D.T., without any limiting instruction. Did these out of court statements and expert opinion deny Reupert his right to a fair trial?;

II. Reupert was denied his right to due process of law by the Prosecution's unlawful abuse of the criminal discovery and preliminary examination statutes;

III. Reupert was denied his Sixth Amendment right to effective assistance of counsel;

IV. The trial court erred in not requiring the State to elect as to which alleged acts of sexual intercourse it relied upon for conviction and in failing to properly instruct the jury;

V. The trial court erred in not requiring the State to elect which incidents of rape by instrumentation it relied upon for conviction in Count 3 of the information and in failing to properly instruct the jury;

VI. The trial court erred in denying Reupert's demurrer to the evidence as to Count 5;

VII. The trial court erred in not requiring the prosecution to elect which incident of rape by instrumentation (in Count IV) it relied upon for conviction; and

VIII. Reupert was denied his right to a fair trial and received ineffective assistance of counsel when his counsel failed to object to a definition of reasonable doubt.

After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we find that neither reversal nor modification is required under the law and evidence and affirm. However, we discuss a discovery error of first impression raised in Proposition II.

In Proposition II Reupert claims that the State disregarded discovery statutes. Shortly before trial the State applied for subpoenas to issue to all the defense witnesses under 22 O.S.1991, § 258(2nd). No notice was given. Reupert filed a Motion for Protective Order on September 10, claiming the State was violating the letter and spirit of the Discovery Code. In a September 11 hearing, bench warrants were issued but later recalled. Reupert was neither present nor represented at that hearing. Although the record reflects no ruling on Reupert's Motion, the trial court's action in issuing bench warrants suggests the Motion was denied.

1. Reupert was acquitted of Count I, Rape in the First Degree.

The State should not have subpoenaed Reupert's witnesses under 22 O.S.1991, § 258(2nd). Section 258 is titled "Preliminary examinations and proceedings thereon." The statute discusses requirements for testimony, filing, and the effect of grand juries on preliminary Informations in felony cases. Section 258(1st) states that the defendant must be present and have the opportunity to cross-examine witnesses, and upon request all testimony must be reduced to writing and filed with the district court. Section 258(2nd) states with court approval the district attorney may issue subpoenas and call witnesses to testify, confining the testimony to "some" felony committed against the state statutes and triable in that county. Significantly, no notice to the defendant is required before issuing these subpoenas and the defendant need not be present during questioning. The fact that the defendant need not be present or have the opportunity to cross-examine these witnesses indicates that the depositions are intended as discovery tools and cannot be used as preliminary hearing testimony, since they do not meet the requirements in Section 258(1st). Section 258(3rd) provides that no preliminary Information shall be filed without the consent or endorsement of the district attorney, with exceptions. Section 258(4th) provides that convening a grand jury does not negate the district attorney's right to file complaints and Informations, or conduct preliminary hearings, unless otherwise ordered. Taken as a whole Section 258 authorizes the district attorney to conduct examinations and file Informations in conjunction with preliminary hearing proceedings, and does not apply after a defendant is bound over.

This Court has construed Section 258(2nd) in two cases. In *Isaacs v. District Court of Oklahoma County* [2] we held the section prohibits issuance of investigative subpoenas before an indictment or Information is filed. In *Isaacs* prosecutors sought to issue subpoenas to investigate whether criminal charges should be filed. We considered Section 258 in conjunction with Title 22, Chapter 3, covering jurisdiction and venue, and deter-

mined that § 258(2nd) does not apply where charges have not been filed.[3] In *Coulter v. State* [4] the crime occurred in June 1982, the defendant was arrested in October 1983, and the defendant complained because a subpoena was issued under Section 258 to Southwestern Bell Telephone in February 1983. The opinion does not indicate when the Information or indictment was filed. Without analysis, this Court merely found the subpoena was proper because a felony case was "in existence" before the subpoena was issued, it was signed by a district judge, and the crimes were triable in the county. The ambiguity concerning the Information and lack of legal reasoning in *Coulter* suggest that the Court may not have reached the same result using an *Isaacs* analysis; in any case, *Coulter* sheds no light on the proper use of § 258(2nd).

These cases neither contradict our summary of Section 258 above nor address the issue presented here. *Coulter* appears to be concerned with an investigatory subpoena, and *Isaacs* entirely focused on when an investigatory subpoena is appropriate. In contrast, the prosecutor here used § 258(2nd) to subpoena defense witnesses only a few weeks before trial, after receiving the defense witness list and summary of testimony through discovery. The prosecutor used a statute designed to facilitate charging a defendant as a tool to depose known defense witnesses well after discovery had commenced. *Isaacs* simply does not apply in this situation. *Coulter* parrots the language of the statute without analysis, but as it appears to focus only on pre-arrest investigative subpoenas any holding it may contain also does not apply.

In issuing subpoenas for defense witnesses under Section 258 the State violated the Oklahoma Code of Criminal Procedure. The Code of Criminal Procedure specifically provides for conditional examination of witnesses by deposition:

When a defendant has been held to answer a charge for a public offense, the defen-

---

**2.** 818 P.2d 1247 (Okl.Cr.1991).

**3.** *Isaacs,* 818 P.2d at 1248–49.

**4.** 734 P.2d 295 (Okl.Cr.1987).

dant or the State of Oklahoma may either before or after indictment or information, have witnesses examined conditionally on his behalf as prescribed in this article, **and not otherwise.** [22 O.S.Supp.1994, § 761, emphasis added.]

Subsequent sections mandate the procedures and requirements for conditional examination. Either party may request a conditional examination when, after preliminary hearing, a witness refuses an interview with opposing counsel.[5] Application must be made to the court with a supporting affidavit and the applying party must give five days notice to counsel for the opposing party.[6] The court may order a conditional examination to be taken before a magistrate or certified court reporter, with notice to the opposing party, and the defendant must be present at any examination unless his presence is waived by both parties.[7] Sections 761 *et seq.* apply after a defendant has been bound over for trial.

■ These statutes were amended at the same time the Criminal Discovery Code[8] was promulgated. Nothing in the Discovery Code speaks to conditional examination of witnesses by deposition, and it is clear the Legislature intended §§ 761 *et seq.* to be used in conjunction with the Discovery Code. The Legislature, which we presume not to do a vain thing, specifically amended the statutes allowing either party in a criminal case to conditionally examine witnesses who are ill or leaving the state, or who did not have the opportunity to testify for the defendant before preliminary hearing was terminated, and who refuse to speak to counsel.[9] If this Court expands § 258(2nd) to allow similar

examination of defense witnesses without the safeguards required under §§ 761 *et seq.*, the latter statutes become pointless. The Legislature could have amended § 258(2nd) to limit its scope beyond our decisions in *Coulter* and *Isaacs.* However, as neither *Coulter* nor *Isaacs* speak to the issue before this Court, the Legislature's failure to further amend § 258(2nd) indicates nothing. We do not hold that the amended statutes governing conditional examination of witnesses repeal § 258(2nd) by implication or any other method. Rather, after analyzing both those sections in conjunction with the Discovery Code we have determined that the subpoena authority granted by § 258(2nd) does not extend to conditional examination of defense witnesses after preliminary hearing has concluded. Prosecutors wishing to conduct such examinations should apply to the court following the procedures exclusively set forth in §§ 761 *et seq.*

■ On its face § 761 was the only proper avenue the prosecutor could have used to depose Reupert's witnesses, and the decision to avoid those procedures and use § 258(2nd) was improper. The trial court should have granted Reupert's Motion for Protective Order and disallowed the depositions. Failure to do so allowed the prosecution to compel Reupert's witnesses to testify, under oath, in ex parte proceedings with no notice to Reupert. Furthermore, Reupert had no right to appear or cross-examine the witnesses at the ex parte proceedings which were conducted after Reupert's preliminary hearing. No provision of the Oklahoma Criminal Code allows for such a procedure.[10]

■ Reupert never made an offer of proof showing that any of his witnesses re-

---

5. 22 O.S.Supp.1994, § 762.1.

6. 22 O.S.Supp.1994, §§ 763, 764.

7. 22 O.S.Supp.1994, §§ 765, 766.

8. 22 O.S.Supp.1994, §§ 2001 et seq.

9. 22 O.S.Supp.1994, § 763(4th).

10. The State suggests the subpoenas were in response to information correctly gleaned from the Discovery Code; ignoring the plain language and meaning of § 258, suggests the subpoenas were proper because a judge issued them in a

Logan County felony case; and finally, suggests the conditional examination provisions do not apply since the trial court issued subpoenas under § 258. The State also suggests Reupert waived the issue by failing to appeal through an extraordinary writ. As the trial court apparently did not rule on Reupert's motion he may not have had anything to appeal. In addition, Reupert did not claim the subpoenas were "unduly burdensome" and could not "refuse to comply" and litigate the issue in the event of contempt proceedings (State's brief at 18) because *the subpoenas were not directed at him, he had no notice, he had nothing with which to comply, and any proceedings for noncompliance would be brought against the witnesses rather than Reupert.*

fused to testify after being subpoenaed, and the record does not show that any witness substantially changed testimony or that the depositions developed new evidence of which Reupert had no knowledge. Reupert has not shown he was harmed by the prosecution's avoidance of proper procedures. As the record does not support a conclusion that this error affected Reupert's convictions or sentences in any way, dismissal, remand for a new trial, or sentence modification are not appropriate, and we do not grant relief.

In reaching our decision we find in Proposition I that 12 O.S.1991, § 2803.1, does not apply, and Sheriff Jones's testimony was proper lay opinion testimony which did not improperly comment on the victim's credibility.[11] In Proposition III we find counsel's performance was not ineffective.[12] In Propositions IV, V and VII we find the State was not required to elect which act of sexual intercourse or rape by instrumentation it relied on for conviction.[13] In Proposition VI we find Count V was supported by sufficient evidence and the trial court did not err in denying Reupert's demurrer. In Proposition VIII we find counsel was not ineffective for failing to object to an improper definition of reasonable doubt.[14] Accordingly Reupert's appeal is denied.

### DECISION

The Judgments and Sentences of the trial court are **AFFIRMED.**

STRUBHAR, V.P.J., and LUMPKIN, LANE and JOHNSON, JJ., concur.

---

**11.** 12 O.S.1991, §§ 2701, 2704.

**12.** *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Reupert's contemporaneous Motion to Supplement Record does not contain "sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence," and is denied. Rule 3.11(B)(3)(b)(i), 22 O.S.Supp.1996,

Ch. 18, App., *Rules of the Court of Criminal Appeals.*

**13.** *Jones v. State,* 781 P.2d 326, 329–30 (Okl.Cr. 1989); *Huddleston v. State,* 695 P.2d 8, 10–11 (Okl.Cr.1985).

**14.** *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Romano v. State,* 909 P.2d 92, 115 (Okl.Cr.1995), *cert. denied,* ── U.S. ──, 117 S.Ct. 151, 136 L.Ed.2d 96 (1996); *Johnson v. State,* 632 P.2d 1231, 1234 (Okl.Cr.1981).