Juliett WEBB, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–15190, A–15191.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

CONSOLIDATED OPINION

BRETT, Judge:

Plaintiff in Error, Juliett Webb, hereinafter referred to as defendant, was tried and convicted in two cases in the District Court of Oklahoma County; and in each case she was sentenced to serve four (4) years in the State Penitentiary and pay a Three Hundred Dollar ($300.00) fine. In case No. 35586, defendant was convicted for the offense of Possession of Marihuana; and in case No. 35587, defendant was convicted for Illegal Possession of Narcotic Drugs. Both charges were tried to the same court and jury at the same time, with the same evidence in both cases being presented at one time.

These trials were commenced on February 19, 1969, and prior to trial, without the jury being present, defendant presented evidence in support of the Motion to Suppress; Motion to Quash, and Demurrer. At the conclusion of that hearing, all of defendant's motions were denied, and the jury was selected to try both cases at one time. The jury returned two verdicts and imposed sentence in both cases. From those convictions an appeal was perfected, and this consolidated decision results from those convictions.

At the hearing on defendant's motions, defendant called one witness, Officer George A. Burns of the Oklahoma City Police Department, who filed the affidavits

for search warrants with Justice of the Peace, Anna Bell Wright. Two search warrants were issued; one for search of the home, and the other for search of defendant's automobile. The search of defendant's home resulted in the finding of Marihuana; and three tablets identified as morphine were found in the automobile. In the beginning, defendant was jointly charged with her husband, Joe Ben Webb; but when defendant testified in her own behalf, she testified that the materials were hers, and that her husband knew nothing of either substance. The jury acquitted the husband, but found defendant guilty on her own testimony.

Defendant offers only one proposition on this appeal, which raises the question: Whether or not the affidavits and information made available to the magistrate were sufficient to support the issuance of the search warrants? We agree with defendant that the affidavits fall short of the requirements for issuance of a search warrant.

The affidavits, and the testimony offered at the hearing on defendant's motions, have been compared with that found in the record of Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), a decision rendered by Judge Bussey in which the conviction was reversed and remanded, with instructions to dismiss, for the reason of the insufficiency of the search warrants. Leonard v. State, *supra*, was decided after the United States Supreme Court rendered its decision in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Consequently, as in *Leonard, supra*, we must accordingly hold that the affidavits in these two cases fall short of the rule enunciated by the Honorable United States Supreme Court; and that defendant's motion to suppress the evidence should have been sustained by the trial court. The first paragraph of the syllabus to Leonard v. State, *supra*, provides:

"All affidavits for search warrant must set forth that officer has personally observed violation of law, or possession of contraband, upon certain described premises, detailing to such degree the minute particulars of those observations sufficient to support arrest without warrant, or to show probability that contraband, or items used in commission of crime, or fruits of crime, are on the premises."

The affidavits herein do not meet those requirements. With reference to the provision concerning information received from a "reliable informant", the second paragraph of the syllabus to Leonard v. State, *supra*, states:

"Affidavit for search warrant, if based upon hearsay information of informant, must contain positive language setting forth in detail why informant is deemed to be reliable in order that magistrate can judicially determine whether informant is, in fact, reliable, and should further set forth in detail whether informant, himself, observed the violation, or the presence of contraband, articles used in commission of crime, or fruits of crime, upon the premises."

After carefully reviewing the record of trial before this Court, we reluctantly find that the affidavits for issuance of the search warrants were not sufficient; this is true also considering the testimony of the officer at the hearing on defendant's motions. Under the facts presented, we are therefore compelled to conclude that the trial court should have sustained defendant's motion to suppress.

Therefore, for the reasons herein set forth, these two convictions, sustained by defendant in the District Court of Oklahoma County, case numbers 35586 and 35587, must be reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and NIX, J., concur.