Rickie Dean MILES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-685.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1987.

Stanley D. Monroe, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

Rickie Dean Miles, appellant, was charged by Information in the District Court of Tulsa County, in Case No. CRF-83-4094, for the following offenses: Count I, Unlawful Possession of Marijuana With Intent to Distribute; Count II, Unlawful Possession of a Controlled Drug; and Count III, Maintaining a Dwelling House Where Controlled Dangerous Substances Are Kept. The appellant waived jury trial and was tried and convicted by the court based upon a stipulation by the parties to

the testimony presented at the preliminary hearing. The trial court sentenced the appellant to three concurrent terms of ten (10) years imprisonment for Count I, ten (10) years imprisonment for Count II, and five (5) years imprisonment for Count III. We affirm Count II and Reverse Counts I and III.

Sometime in November of 1983, Deputy Sheriff Donald Carter received information from a confidential informant that the appellant had purchased two handguns which were stolen from a burglarized OTASCO store. Based on this information, Deputy Carter obtained a warrant to search the appellant's residence in Tulsa County. Both the affidavit and the search warrant recited only two items to be seized: a .44 and a .357 caliber handgun, both of which were identified by serial number. The warrant authorized the search of the premises anytime during the day or night. The warrant was executed at the appellant's residence at approximately 9:45 p.m. on November 10, 1983, at which time the officers kicked in the front door of the residence, after determining that no one was home.

Upon entering the residence, the officers seized a variety of items, including firearms, marijuana, controlled drugs, other personal property, and one safe which was later opened at the police station after the police obtained a separate warrant. Neither of the two handguns listed on the warrant, however, were found. Finally, a bank statement and a utility bill with the appellant's name thereon were seized, as well as a notebook which allegedly reflected drug transactions made by the appellant.

On January 3, 1984, a preliminary hearing was held before the same magistrate who issued the search warrant, at which time the appellant sought to exclude the evidence seized at the residence by attacking the sufficiency of the affidavit and on other grounds. The motion to suppress the evidence and the motion to quash the search warrant were overruled. On May 3, 1984, the appellant appeared before the Honorable Joe Jennings in a non-jury trial and renewed the motions to suppress the

evidence and to quash the warrant, both of which were again overruled. The State and the appellant stipulated to the testimony presented at the preliminary hearing held on January 3rd, and, based solely upon the transcript of the preliminary hearing, the court found the appellant guilty as charged.

The appellant raises two assignments of error: first, that there was insufficient evidence to sustain the conviction; second, that the court erred in overruling the motion to suppress the evidence. Because we reverse Counts I and III based upon the second question, and because we affirm Count II based upon stipulation by the appellant at trial, we do not address the sufficiency of the evidence issue.

The fourth amendment of the United States Constitution and Article II, § 30, of the Oklahoma Constitution require that search warrants describe with specificity and particularity the place to be searched and the items to be seized. As Judge Bussey observed, "[t]he necessity for specificity is designed to insure that a search does not extend beyond its authorized purpose, and that law enforcement officers do not engage in exploratory rummaging through personal belongings." *Jones v. State*, 632 P.2d 1249, 1250 (Okl.Cr.1981).

It is true that the police officers were lawfully on the premises exercising a valid search warrant for stolen weapons, and the items seized pursuant to the search warant were in plain view. But there was no probable cause to believe here that the envelopes, the notebook, medicine vials, or other small containers could contain the handguns authorized to be seized by the search warrant. Just as it is patently beyond the scope of a warrant to search for an elephant in a breadbox or a shotgun in a snuff can, so also is it an unreasonable search to look for a handgun nine inches long inside an utility bill or bank statement envelope, in a flat notebook, or inside any other container too small to hold the weapon. Therefore, at a minimum, the bank statements and the utility bill, which established the elements of dominion and control of the dwelling house, the controlled drugs

found in amber medicine vials, which established the element of possession of controlled drugs, and the notebook, which established the element of intent to distribute, should have been excluded at the suppression hearing. The State asserts that while it may have been error for the police to search flat books, it was, at least, harmless error, relying on *Chasteen v. State*, 551 P.2d 1171 (Okl.Cr.1976). *Chasteen* simply does not apply to the facts of this case. Because of the paucity of the record, we cannot say that the fundamental error committed by admitting the evidence obtained through exploratory rummaging which exceeded the scope of the warrant was harmless error beyond a reasonable doubt. But our ruling today does not mean that all items seized in plain view must have been excluded.

The purpose of the exclusionary rule is to deter police misconduct and to provide an effective remedy for unreasonable searches and seizures in violation of the fourth amendment of the United States Constitution and Article II, § 30, of the Oklahoma Constitution. *See United States v. Leon*, 468 U.S. 897, 918–20, 104 S.Ct. 3405, 3418–19, 82 L.Ed.2d 677 (1984). *See also* Potter Stewart: *The Road to Mapp v. Ohio and Beyond: The Origins, Development and Future of the Exclusionary Rule in Search-and-Seizure Cases*, 83 Colum.L.Rev. 1365, 1384–89 (1983). It would be an absurd extension of the exclusionary rule to suppress all contraband found in plain sight or found within containers large enough to hold the handguns described in the search warrant. To extend the exclusionary rule this far would not further the purpose of deterring police misconduct. The 12,000 tablets of diazepam to which the appellant stipulated at trial were found in plain sight in containers large enough to hold a handgun and established the offense of possession of a controlled drug. Therefore, the judgment and sentence for Count II, Unlawful Possession of a Controlled Drug, is AFFIRMED. On the other hand, it was clearly unreasonable for the police to rummage around in personal papers, medicine vials, and other small containers, when the police could have secured the premises and obtained another warrant authorizing the search for personal papers and contraband located within small containers, just as the police obtained a second warrant to open the seized safe. For this reason, we REVERSE and REMAND for further proceedings not inconsistent with this opinion on Count I, Unlawful Possession of Marijuana With Intent to Distribute, and Count III, Maintaining a Dwelling House Where Controlled Dangerous Substances Are Kept.

BRETT, P.J., and BUSSEY, J., concur.