J. Gerardo SOLIS–AVILA, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. F–91–1086.

Court of Criminal Appeals of Oklahoma.

April 9, 1992.

Rehearing Denied May 15, 1992.

ORDER

Appellant, J. Gerardo Solis–Avila, was convicted by a jury of Count I—Possession of Cocaine with Intent to Distribute, in violation of 63 O.S.1981, § 2–401; Count II—Possession of Marijuana with Intent to Distribute, in violation of 63 O.S.1981, § 2–401; Count III—Maintaining a Dwelling Where a Controlled Dangerous Substance is Kept, in violation of 63 O.S.1981, § 2–404, in Case No. CF–90–6260, in the District Court of Oklahoma County. The jury assessed punishment at Count I—thirty (30) years imprisonment and $100,000 fine; Count II—fifteen (15) years imprisonment and $20,000 fine; Count III—five (5) years imprisonment and $5,000 fine. The trial court ordered Counts I and III to be served concurrently, with the fine in Count III suspended, and Count II to be served con-

secutively with Counts I and III, with ten (10) years and the fine suspended, for a total of thirty-five (35) years imprisonment and a $100,000 fine. From these judgments and sentences, appellant has perfected his appeal to this Court.

Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1991, Ch. 18, App., appellant made application to be placed on the accelerated docket, which this Court granted on February 10, 1992. Appellant's proposition was presented to this Court in oral argument on March 19, 1992, pursuant to Rule 11.5(b) of the Rules of the Court. Present for the oral argument were Judges Lane, Lumpkin, and Johnson; Judges Brett and Parks were absent. However, because the three judges present could not unanimously agree as to the outcome, Judges Brett and Parks have listened to the audio tape of the hearing and are voting on this case.

Appellant raised only one issue on appeal, that being whether the trial court committed fundamental error by denying appellant's motion to suppress after finding that the nighttime execution of the search warrant was improper. Appellant's house was searched, pursuant to a search warrant, at 2:00 a.m. on November 28, 1990. The police were looking for cocaine, marijuana, and paraphernalia connected with the consumption and distribution of the same, which they found. The trial court found that there was not enough of a factual basis stated in the affidavit to justify the nighttime execution of the search warrant. However, upon further argument by the State, and relying upon *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the trial court found that the police acted in "good faith" and therefore the motion to suppress was overruled.

We agree with trial court that the nighttime execution of the search warrant was improper for there was no showing that the evidence would be moved, destroyed, or concealed as required by 22 O.S.Supp.1990, § 1230. *See Wiggin v. State*, 755 P.2d 115 (Okl.Cr.1988); *Fletcher v. State*, 735 P.2d 1190 (Okl.Cr.1986).

Merely stating that the evidence is a controlled dangerous substance which could possibly be distributed is insufficient. This Court, however, has never adopted the *United States v. Leon* "good faith" exception to search warrants such as in this case and we see no reason to do so at this time. We agree with appellant that the trial court erred by failing to sustain his motion to suppress after finding that the search warrant was improperly executed. Therefore, in a four-to-one (4–1) vote, we find that this case must be REVERSED and REMANDED WITH INSTRUCTIONS TO DISMISS.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge
/s/Gary L. Lumpkin DISSENTS
GARY L. LUMPKIN, Vice Presiding Judge
/s/Tom Brett
TOM BRETT, Judge
/s/Ed Parks
ED PARKS, Judge
/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge

LUMPKIN, Vice–Presiding Judge: dissents.

I must respectfully dissent to the Court's decision in this case. It appears the Court, as well as the trial court, has misread and misapplied the plain language of 22 O.S.Supp.1990, § 1230. The language of Section 1230 provides:

Search warrants shall be served during the hours of six o'clock a.m. to ten o'clock p.m., inclusive, unless the affidavits be positive that the property is on the person, or in the place to be searched and the judge finds that there is likelihood that the property named in the search warrant will be destroyed, moved or concealed. In which case the judge may insert a direction that it be served at any time of the day or night. (emphasis added)

The statute requires the affidavit to be positive that the property is on the person or place to be searched. The affidavit in this case met that pleading criteria. The second part does not require a formal

pleading of the likelihood that the property will be destroyed, moved or concealed, but only that the judge make that finding. In this case the judge made that finding based on the evidence received from a named informant who had observed the contraband within approximately six (6) hours of the time the warrant was issued at 1:00 a.m. and the statements of the affiant regarding the confirmation of some of the facts relayed by the informant. When the affidavit is considered in its totality it supports the finding by the issuing magistrate. The Court seeks to apply Section 1230 as to require a pleading rather than a finding to support the authorization for a nighttime search. However, that is not required by the statutory language. The correct standard is to review the issuing magistrate's finding to determine if it is supported by the affidavit and is not an abuse of discretion. In this case, the warrant was properly issued and the authority to execute a nighttime search was properly granted, based on the totality of the affidavit. It is not necessary to address the issues raised in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), because the issuance of this warrant met the criteria set forth under Section 1230.