1999 OK CR 2

**STATE of Oklahoma, Petitioner,**

v.

**Honorable Roma McELWEE, Judge of the District Court, Oklahoma County, Respondent.**

**No. P 98–0714.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1999.

---

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION

¶1 On June 22, 1998, the State filed an Application to Assume Original Jurisdiction and Petition for Writ of Prohibition directing the Honorable Roma McElwee, District Judge, to withdraw her May 21, 1998, order and directing her to "issue her order denying Gary Dean Owens' objection" in Case No. 27,000, WCFU 98–072, in the District Court of Oklahoma County. The District Court sustained the applicant's objection to the proposed Subpoena Duces Tecum requested by the Attorney General "in aid of worker's compensation fraud investigations" in an order issued May 21, 1998.

¶2 The record reflects that Susan K. Walcher is a Certified Public Accountant and for several years has conducted accounting work for Gary Dean Owens and his related businesses. On March 30, 1998, the State of Oklahoma filed an application and affidavit in the District Court requesting a subpoena directed to Ms. Walcher seeking production of records of Gary Owens Carpet and Gary Owens Carpet and Construction Company,

Inc., pursuant to Sections 211(C) and (D) of Title 85. On that same date Judge McElwee directed Gary Owens Carpet, Gary Owens Carpet and Construction Company, Inc., and Ms. Walcher to appear and show cause why the subpoena should not be issued. Mr. Owens appeared with counsel, objected to the issuance of the subpoena, and Judge McElwee directed that a formal objection be filed.

¶3 Mr. Owens filed an objection in the District Court questioning the authority of the Attorney General to issue the requested subpoena. The State filed a response in the District Court on May 18, 1998. Following a hearing May 21, 1998, Judge McElwee sustained the objection of Mr. Owens and denied the application of the State to issue a subpoena directed to Susan Walcher, CPA, to produce the records of Gary Owens Carpet and Gary Owens Carpet and Construction Company, Inc. The State seeks relief in this Court by writ of prohibition.

¶4 The Attorney General cites Sections 18m–1 and 18m–2 of Title 74, Section 1663 of Title 21, and Sections 211(C) and (D) of Title 85 in support of his contention that he has the authority to issue the desired subpoena to Susan Walcher, CPA. The Attorney General argues that he needs the issuance of this investigative subpoena "in order to fulfill its statutory mandate to investigate workers' compensation fraud".

¶5 In an Order issued July 31, 1998, the Respondent, or a designated representative, was directed to file a response to the Attorney General's application. The response was filed August 12, 1998.

¶6 In Section 18m–1 of Title 74 the Oklahoma Legislature created within the office of the Attorney General a Workers' Compensation Fraud Unit. The Unit is directed, upon inquiry or complaint, to "determine the extent, if any, to which any violation has occurred of any statute or administrative rule of this State pertaining to workers' compensation fraud...." 74 O.S.Supp.1994, § 18m–1(B). The statute sets forth that the Unit may initiate any necessary investigation, civil action, criminal action or referral. Section 18m–2 directs that the Attorney General or a

designee shall have all of the powers of a district attorney if there is reason to believe as a result of inquiry or complaint that a person has engaged in or is engaging in an act or practice that violates any administrative rule or statute pertaining to workers' compensation fraud.

¶ 7    Section 1663 of Title 21 defines workers' compensation fraud and sets forth the punishment.

¶ 8    The State also cites Section 211 of Title 85 in support of its application. Section 211(A) directs:

> Every employer and every employee subject to the provisions of the Workers' Compensation Act, ... upon filing a notice of injury, accidental injury, death, occupational disease, or claim for benefits from the Special Indemnity Fund, shall give written permission for the ... Attorney General or a designee, ... [and others listed] to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

85 O.S.Supp.1994, § 211(A). Section 211(B) directs: "Written permission given pursuant to this section shall constitute authorization for access to medical records pursuant to Section 19 of Title 76 of the Oklahoma Statutes." 85 O.S.Supp.1994, § 211(B).

¶ 9    Section 211(C) directs that "[i]n carrying out the responsibilities given to the Workers' Compensation Fraud Unit, the Attorney General or designee may use subpoenas or other process in aid of investigations and prosecutions and may take possession of records subject to examination pursuant to this section by subpoena." 85 O.S.Supp.1994, § 211(C). Section 211(D) directs the district courts to issue subpoenas ad testificandum or duces tecum requested by the Attorney General or designee pursuant to subsection C of this section. Section 211(G) defines "records" to include, but not be limited to, "anything for which a request to produce may be served pursuant to Section 3234 of Title 12 of the Oklahoma Statutes." [1]

¶ 10    The State asserts that by being denied the issuance of a subpoena which it needs in order to fulfill its statutory mandate to investigate workers' compensation fraud, it is being compelled by the District Court to inadequately investigate workers' compensation fraud because the District Court is limiting the statutory tools available to the State. The State contends that the Legislature intended the Attorney General to have broad powers to aid in the investigation of workers' compensation fraud.

¶ 11    In *Isaacs v. District Court of Oklahoma County*, 1991 OK CR 110, 818 P.2d 1247, this Court held that "absent specific statutory authorization for a separate procedure prior to the filing of a complaint in a criminal case, the State's ability to search for and seize evidence of a crime is limited to the procedure set forth in 22 O.S.1981, § 1221, *et seq.*, setting forth the requisites of a search warrant." *Isaacs* at ¶ 18, 818 P.2d at 1249. The State argues that *Isaacs* is not applicable for the following reasons:

1.    The *Isaacs* case was decided in 1991, two years prior to the enactment of the Statutes concerning workers' compensation fraud. The *Isaacs* case construed a completely different statute.

2.    There is no limiting language in the Statutes, Section 18m–2 of Title 74, which states that the Attorney General is limited only to the powers of the District Attorney.

3.    Section 211 of Title 85 clearly evidences the fact that the Legislature intended the Attorney General have broad subpoena powers, even prior to a criminal case being filed.

4.    The Legislature did not limit the Attorney General to only investigate "claims" in workers' compensation fraud cases.

5.    The Legislature, in giving the Attorney General the power of a District Attorney, was attempting to make it clear that the Attorney General has the authority to prosecute workers'

---

1.    Section 3234 sets forth: "... including, but not limited to, writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records and other data compilations from which information can be obtained, ...." 12 O.S.Supp.1993, § 3234(A)(1).

compensation fraud cases statewide. The Legislature did not intend to limit the investigative ability of the Attorney General by denying him the ability to issue subpoenas prior to criminal charges being filed.

¶ 12 A response was filed on behalf of Respondent on August 12, 1998, by Mack K. Martin, and J. David Ogle, attorneys for Gary Dean Owens. The response submits (1) that the Application to Assume Original Jurisdiction is moot, (2) that a Petition or Writ of Prohibition is not the appropriate legal method to seek review of Judge McElwee's order, (3) that the Attorney General has no legal authority to attempt to issue the subpoena duces tecum in this manner, and (4) that the subpoena duces tecum is overbroad and beyond the scope of the legal authority cited by the Attorney General.

¶ 13 While Respondent's assertion that the issue may be moot is supported by attachments to the response, a ruling to that effect is not part of the record on appeal. Therefore, we will address the primary issue raised by the Attorney General.

¶ 14 In the response filed August 12, 1998, Respondent argues that nowhere within the duties of the Attorney General is there found or listed the authority to issue an overbroad subpoena duces tecum in an investigation that has not resulted in the filing of a criminal case. Respondent submits that the records sought by the Attorney General far exceed the scope of records that are authorized by statute and in compliance with the mandates of the Oklahoma Legislature.

¶ 15 The Honorable Roma M. McElwee, following a hearing May 21, 1998, found the Attorney General was not given any greater investigative powers by the Oklahoma Legislature than those used by a district attorney. Judge McElwee found that the subpoena power of a district attorney investigating matters is limited to felony cases that are filed pursuant to the *Isaacs* case and, therefore, in this matter the requested subpoena is not appropriate. Judge McElwee did find that Section 211 of Title 85 clearly provides for subpoenas to be issued with regard to the notice of injury, records relating to the notice, any matter contained in the notice, or any matter relating to the notice. However, she found in this case there is no relation shown between the items requested and the notice of injury.

¶ 16 It appears from the record that Gary Owens Carpets filed an Employer's First Notice of Injury for one Weslet G. Mains, a carpet installer, on January 10, 1995. The Attorney General's *subpoena duces tecum*, requested pursuant to Sections 211(C) and (D) of Title 85, directed a CPA to appear and produce the following:

Business records of Gary Owens Carpet and Gary Owens Carpet and Construction Company, Incorporated, for the period of time from January 1, 1994, through December 31, 1995, specifically as follows:

1. 1994 and 1995 Federal Income Tax Returns
2. 1994 and 1995 Financial Statements
3. 1994 and 1995 Balance Sheets
4. Journals and ledgers which reflect all financial transactions including income, expenses, receipts and disbursements
5. Payroll records
6. All W–2 Forms
7. All 1099 Forms
8. Evidence of compensation or payment to any person other than by cash or check

Records of Gary Owens for the period of time from January 1, 1994, through December 31, 1995, specifically as follows:

9. 1994 and 1995 Federal Income Tax Returns
10. 1994 and 1995 Financial Statements
11. 1994 and 1995 Balance Sheets
12. Identify real estate in which Gary Owens has ownership individually
13. Identify real estate in which Gary Owens has ownership as an officer or stockholder of a corporation

¶ 17 The Legislature created a Workers' Compensation Fraud Unit within the Office of the Attorney General. 74 O.S.Supp.1993, § 18m–1(A). It is clear that the Legislature wants the Attorney General to have all of the powers of a district attorney, if the Attorney General has reason to

believe as a result of inquiry or complaint that a person has engaged in or is engaging in an act or practice that violates any administrative rule or statute pertaining to workers' compensation fraud. 74 O.S.Supp.1993, § 18m–2. We do not find any intent of the Legislature to give the Attorney General any greater power than that afforded a district attorney except as it relates to the limited scope of claims for workers compensation. *See Isaacs* at ¶ 18, 818 P.2d at 1249.

¶ 18 The Attorney General argues that Sections 211(C) and (D) of Title 85 authorizes the issuance of this subpoena. We disagree.

¶ 19 Section 211(A) requires every employer and employee to give written permission for the Attorney General and others "to examine all records relating to the notice, any matter contained in the notice and any matter relating to the notice," which also includes access to medical records. 85 O.S.Supp.1994, § 211(A). *See* 85 O.S.Supp. 1994, § 211(B). Therefore, the use of subpoenas is for acquisition of matters when written permission for access fails or is not appropriate. The predicate required to subpoena records relating to the notice of injury or to subpoena any records relating to the notice, is a reason to believe as a result of inquiry or complaint that a person has engaged in or is engaging in an act or practice that violates any administrative rule or statute pertaining to workers' compensation fraud. Once evidence has been developed to establish the predicate required for the request of a subpoena, the Attorney General must make written application in the District Court and show cause, supported by affidavit, as to why the Attorney General is entitled to the requested information and to give sufficient reason to meet the statutory requirements to obtain the subpoena. Section 211 authorizes the Attorney General to subpoena all records that:

1. relate to the notice of injury;

2. relate to any matter contained in the notice; and,

3. relate to any matter relating to the notice.

Title 85 O.S.Supp.1994, § 211(A) and (C).

¶ 20 In addition to medical records specifically authorized by Section 211(B), Sections 211(A) and 211(C) authorize the Attorney General to subpoena any records relating to the notice, which in this case would appear to be records relating to the incident of the tractor running over the employee. We find no authority or basis from a review of the record in this case for the Attorney General to use this statute as a premise for requesting real estate, financial or tax records. To obtain these records, as in *Isaacs*, the State must follow the procedure given in 22 O.S. 1991, § 1221, *et seq.*, setting forth the requisites of a search warrant.

¶ 21 For a writ of prohibition Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1998). As we find that the State has failed to establish that it is entitled to a writ of prohibition, the petition for writ of prohibition is **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice–Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Judge