Lisa MARCHETTI, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9909–CR–652.

Court of Appeals of Indiana.

March 29, 2000.

John (Jack) F. Crawford, Crawford & Rader, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

In this interlocutory appeal, Lisa Marchetti appeals from an order of the trial court denying her motion to suppress evidence. The following restated issue is presented in this appeal:

Was the anticipatory search warrant[1] issued in this case valid?

We affirm.

On June 18, 1997, a United States postal inspector effected a controlled delivery of a package containing a substance believed to be heroin by delivering the package to Marchetti's residence, which was located at 4907 East Morris Street in Indianapolis. Shortly thereafter, at approximately 3:49 p.m., Police Officer Brian Graban of the Indianapolis Police Department and several other officers executed a search warrant at Marchetti's residence. After the officers forced open the front door of the house with a battering ram, they found Marchetti in the bathroom with the opened package. The officers allegedly recovered heroin, marijuana, and methamphetamine from Marchetti's residence.

Marchetti was thereafter charged in a two-count information with dealing in a narcotic drug, a class A felony, and possession of a narcotic drug, a class C felony. Marchetti filed a motion to suppress the evidence seized during the search of her home. After conducting a hearing on the motion, the trial court entered an order denying the motion to suppress. The trial court certified the case for interlocutory appeal and entered an order staying the proceedings. On July 1, 1999, this court entered an order granting Marchetti's petition to entertain jurisdiction of this interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). This court later granted Marchetti's petition for permission to file a belated appeal.

Marchetti claims that the search warrant issued in this case was invalid pursuant to Article 1, § 11 of the Indiana Constitution and Ind.Code Ann. § 35–33–5–2(a)(2)(A) (West 1998).

Article 1, § 11 of the Indiana Constitution provides that no warrant shall issue without probable cause. It states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized.

The probable cause requirement for the issuance of a search warrant is codified in IC § 35–33–5–2, which provides in pertinent part:

---

1. An anticipatory search warrant is a search warrant that is based upon probable cause to believe that, at a future time, but not current-ly, the items sought will be located at a particular place. *Newby v. State,* 701 N.E.2d 593 (Ind.Ct.App.1998).

(a) Except as provided in section 8 of this chapter [regarding the issuance of a warrant without an affidavit], no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:

(1) particularly describing:

(A) the house or place to be searched and the things to be searched for; or

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) the things as are to be searched for are there concealed; or

(B) the person to be arrested committed the offense; and

(3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

(b) When based on hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

■ The standard to be applied when reviewing a magistrate's decision to issue a search warrant is well settled:

In determining whether to issue a search warrant, " '[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *Jaggers v. State*, 687 N.E.2d 180, 181 (Ind.1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317,

2332, 76 L.Ed.2d 527, 548 (1983)). When reviewing a magistrate's decision to issue a warrant, the reviewing court applies a deferential standard. *Lloyd v. State*, 677 N.E.2d 71, 73 (Ind.Ct.App. 1997), *trans. denied.* We will affirm the magistrate's decision to issue the warrant if the magistrate had a "substantial basis" for concluding that probable cause to search existed. *Id.* "Substantial basis" requires us to focus on whether the reasonable inferences drawn from the totality of the evidence support the probable cause determination. *Jaggers*, 687 N.E.2d at 181–82.

■ *Newby v. State*, 701 N.E.2d 593, 597–598 (Ind.Ct.App.1998). The same standard applies when determining whether an anticipatory search warrant was properly issued. *See id.*

■■ Where the reasonable inferences drawn from the totality of the circumstances establish that there is probable cause to search, a search warrant may be validly issued prior to the actual arrival of the matter to be seized at the premises to which the warrant is directed. *Russell v. State*, 182 Ind.App. 386, 395 N.E.2d 791 (1979). In *Russell*, this court determined that the Indiana search warrant statutes, Ind.Code § 35–1–6–2 (the predecessor statute of IC § 35–33–5–2) and IC § 35–1–6–3 (the predecessor statute of IC § 35–33–5–3, which provides that a search warrant issued in substantially the same form as that set forth in the statute will be deemed sufficient), did not prohibit the issuance of a warrant to search at a future time. Thus, anticipatory search warrants are statutorily valid in Indiana when probable cause exists at the time the search warrant is issued. IC § 35–33–5–2; *Russell v. State*, 182 Ind.App. 386, 395 N.E.2d 791.

The majority of state courts that have considered the question of anticipatory search warrants, like this court in *Russell*, have upheld their validity. *See* Norma Rotunno, Annotation, *Validity of Anticipa-*

*tory Search Warrants–State Cases,* 67 A.L.R.5th 361 (1999).

■ The affidavit in this case, which was incorporated by reference into the search warrant issued by the Superior Court of Marion County, stated:

Brian Graban, Police Officer, Indianapolis, Indiana, swears or affirms that he believes and has good cause to believe that within the next seventy-two (72) hours of June 18, 1997, a person, name unknown, will accept delivery of a United States Postal Service parcel addressed to Lisa Narchetti, 4709 E. Morris St., Indianapolis, Indiana, 46203, sent under the name Mona Narchetti, 6540 W. Stella Ave., Glendale, Arizona, 85301, that contains a quantity of heroin, a derivative of opium, a Schedule I Controlled Substance.

This affiant bases his belief on the following information: On Wednesday, June 18, 1997, this affiant received information from United States Postal Inspector Steven Sadowitz that a United States Postal Service parcel had been intercepted by the United States Postal Inspection Service in Indianapolis that contains a quantity of heroin. A federal search warrant was served on the parcel which lead [sic] to the discovery of the heroin. A field test was conducted on the substance contained in the parcel and that test indicated positive for heroin. This affiant has worked with United States Postal Inspector Steven Sadowitz on numerous occasions in the past and knows Inspector Sadowitz to be truthful and accurate during the course of his investigations. Inspector Sadowitz knows heroin by its odor, appearance, and manner in which it is commonly packaged through his training and experience as a law enforcement officer.

After learning of the facts mentioned above, it was determined that a controlled delivery of the parcel would be made to the residence located at 4709 E. Morris St., Indianapolis, Marion County, Indiana. The delivery of the parcel would be made by a United States Postal Inspector.

Based on this information, this affiant respectfully requests that this anticipatory search warrant be issued for the residence located at 4709 E. Morris St., Indianapolis, Marion County, Indiana, in anticipation that within the next seventy-two (72) hours of June 18, 1997, a person at the residence located at 4709 E. Morris St., Indianapolis, Marion County, Indiana, accepts delivery of the parcel containing heroin that will be delivered by a United States Postal Inspector. It will be necessary for someone to sign for the parcel when accepting delivery of the parcel.

The parcel will be equipped with an electronic device known as a transmitter to assist investigators in attempting to monitor the parcel. The transmitter will aid investigators in attempting to determine the location of the parcel and whether or not the parcel has been opened. The transmitter emits an electronic signal that can be located by a locating receiver that will be possessed by the investigators involved in this investigation. The transmitter does not transmit voice communication. and the receiver does not record voice communication.

This affiant observed the residence located at 4709 E. Morris St. to be a tan one (1) story single family dwelling with green trim. The residence is designated by the numbers 4709 on the front of the residence and on a brown mailbox in front of the residence near the street. Said residence contains a living room, kitchen, bedroom(s), and bathroom(s). This affiant respectfully requests this anticipatory search warrant to include all rooms, closets, storage areas, cabinets, shelves, drawers, containers, personal effects, and all items contained therein and thereon where heroin, as well as any records, books, documents, ledgers, papers, and any other indicia of heroin trafficking may be concealed.

This affiant knows, through his training and experience as a law enforcement officer and narcotics investigator, that individuals trafficking in heroin will often maintain records of drug transactions.

This affiant further requests this anticipatory search warrant to include any and all persons located inside the residence located at 4709 E. Morris St., Indianapolis, Marion County, Indiana, when this anticipatory search warrant becomes effective when it is determined that someone has opened the parcel or has attempted to remove the parcel from the residence after delivery whether or not the parcel has been opened.

*Record* at 126.

The search warrant issued and executed in this case stated:

To Indianapolis Police Department

WHEREAS, an Affidavit has been filed with me, a copy of which is attached hereto and incorporated herein in all respects. And the court having examined said affidavit and being duly advised in the premises, now finds that there is Probable Cause for the issuance of this warrant.

You are therefore AUTHORIZED and ORDERED, in the name of the State of Indiana, with the necessary and proper assistance, to enter into (upon) the following described residence (premises) (motor vehicle) (person), to wit: 4709 E. Morris St., Indianapolis, Marion County, Indiana, described as a tan one (1) story single family dwelling with green trim. The residence is designated with the numbers 4709 on the front of the residence and on a brown mailbox near the street in front of the residence.

.; [sic] and there diligently search for the following described property (person), to wit: heroin, a Schedule I Controlled Substance, records, books, documents, ledgers, and any other indicia of heroin trafficking.

You are further ORDERED to seize such property, or any part thereof, found on such search.

*Record* at 123.

After reviewing the above-referenced warrant and the affidavit upon which it was based, we conclude that the reasonable inferences drawn from the totality of the evidence in this case supported the trial court's determination that probable cause existed at the time the warrant to search Marchetti's home was issued. Accordingly, the anticipatory search warrant in this case was valid pursuant to both Article 1, § 11 of the Indiana Constitution and IC § 35–33–5–2.[2]

Judgment affirmed.

GARRARD, Sr., J., and DARDEN, J., concur.

---

2. We acknowledge that there is some language in *Newby v. State*, 701 N.E.2d 593, that could support an argument that anticipatory search warrants are invalid in Indiana pursuant to IC § 35–33–5–2(a)(2)(A). Nonetheless, other language in the *Newby* opinion makes clear that, where there is probable cause to search at the time a search warrant is issued, anticipatory search warrants do not violate either Article 1, § 11 of the Indiana Constitution or IC § 35–33–5–2. In *Newby*, this court stated in pertinent part:

"An anticipatory search warrant is a search warrant based upon probable cause to believe that at some future time, but not currently, the items sought will be located at a particular place." 79 C.J.S. *Searches and Seizures* § 172, at 260. Article I, § 11 of the Indiana Constitution and Indiana Code §§ 35–33–5–1 and –2 require that probable cause exist before a warrant shall issue. Further, Indiana Code § 35–33–5–2(a)(2)(A) provides that a magistrate may not issue a warrant unless the affiant shows that he has good cause to believe that "the things as are to be searched for *are* there concealed." (emphasis added).

While a warrant may contain conditions precedent which must occur prior to its execution, a magistrate may not issue a warrant that is not supported by probable cause when it is issued. Stated differently, absent probable cause at the time the warrant is issued, the occurrence or nonoccurrence of any conditions precedent is irrelevant. If execution of the warrant is made subject to conditions precedent, those conditions should appear within the four corners of the warrant. In any event, a warrant that relies on the occurrence of a future event to supply the requisite probable cause is deficient on its face. *See* IND.CODE § 35–33–5–2(a)(2)(A).

*Newby v. State*, 701 N.E.2d at 597 (footnotes omitted).

Regardless of the language used in *Newby*, because the *Newby* court ultimately declined to address the anticipatory search warrant case presented by the parties, any portion of the *Newby* opinion that could be used to support an argument that anticipatory search warrants are invalid in Indiana is mere dictum. Moreover, *Newby* is factually distinguishable from this case. In *Newby*, the issuing magistrate did not have a substantial basis for concluding that the affidavit for a search warrant established probable cause because the officer seeking the warrant failed to establish the credibility of the informant upon whose hearsay statements the officer relied and because the totality of the circumstances did not corroborate the hearsay. Here, Officer Graban established the credibility of the source of the hearsay statements upon which he relied and established a factual basis for the information provided. Thus, in *Newby*, unlike in this case, probable cause was lacking at the time the search warrant was issued.